# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES WILLIAMS,  )
    **Plaintiff**  )
      )
      )  **C.A. No. 20-cv-794 Pittsburgh**
    **vs.**  )
      )  **District Judge Susan Paradise Baxter**
THE PA. DEPT. OF CORRECTIONS,  )  **Chief Magistrate Judge Richard A. Lanzillo**
et al.,  )
    **Defendants**  )

## MEMORANDUM ORDER

## I.     INTRODUCTION

Plaintiff Charles Williams, an inmate currently incarcerated at the State Correctional Institution ("SCI") at Coal Township, initiated this *pro se* civil rights action based on events that occurred during his prior incarceration at SCI-Fayette. (*See* ECF Nos. 1, 20). Plaintiff's Second Amended Complaint ("SAC") asserts violations of the First and Eighth Amendments, a civil rights conspiracy claim, a Pennsylvania defamation (libel and slander) claim, and a claim for conduct "unbecoming an officer." [ECF No. 94]. Named as Defendants are twenty-eight employees of the Pennsylvania Department of Corrections ("DOC Defendants") and Dr. Jin, a physician who provided medical services to SCI-Fayette inmates.[1]

---

[1]
The DOC Defendants are: former DOC Secretary Wetzel; Wetzel's Assistant, Johnson; former SCI-Fayette Superintendent Capozza; former SCI-Fayette Deputy Superintendent and current Superintendent Armel; SCI-Fayette Deputy Superintendent Nickelson; SCI-Fayette Corrections Classification and Program Manager ("CCPM") Hawkinberry; SCI-Fayette Chief Healthcare Administrator ("CHCA") Rice; SCI-Fayette Grievance Coordinator House; Major Mankey; Major and current Deputy Superintendent at SCI-Fayette Trempus; Captain Tift; Lieutenant Woods; Lieutenant Fisher; Sergeant Kowall; Unit Manager ("UM") Byers; UM Riddle; UM Erickson; UM Hawk-Luster; Counselor Nagy; Counselor Knepper; Guard Minnie; Guard Bagan; Guard Fetsko; Kitchen Steward Casper; Kitchen Steward Kaczmark; Psychologist Gibson; Psychologist Brown; Psychologist Schwartz. Unless otherwise indicated, all DOC Defendants were employed at SCI-Fayette. The Court has utilized the rank, job title, or designation assigned to each DOC Defendant in the SAC. (*See* ECF No 94, ¶¶ 4-32).

On March 27, 2023, the Court issued a Memorandum Order [ECF No. 134] granting Dr. Jin's motion to dismiss [ECF No. 99], and granting in part and denying in part the DOC Defendants' motion to dismiss [ECF No. 95].[2] In particular, the Court dismissed all claims against Defendant Jin and the DOC Defendants with prejudice, except for Plaintiff's failure to protect and conditions of confinement claims asserted in Count One of the SAC against Defendants Wetzel, Capozza, and Armel, which were allowed to proceed beyond the pleadings stage. Pending before the Court is Plaintiff's motion for reconsideration of the Court's Memorandum Order. [ECF No. 139]. For the reasons that follow, the motion for reconsideration will be DENIED.

## II.    DISCUSSION

### A.    Standard of Review

"Normally, motions for reconsideration are decided under Federal Rules of Civil Procedure 59(e) or 60(b)." Black Bear Energy Servs., Inc. v. Youngstown Pipe & Steel, LLC, 2021 WL 4751746, at *3 (W.D. Pa. Oct. 12, 2021), quoting In re Nat'l Forge Co., 326 B.R. 532, 541 (W.D. Pa. 2005). A party seeking reconsideration of a final order generally must demonstrate at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration is also appropriate in instances where the court has "patently misunderstood a

---

2

The Court's Memorandum Opinion adopted the Report and Recommendation of Chief United States Magistrate Judge Richard A. Lanzillo. [ECF No. 116].

party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrboach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (citation omitted).

A successful motion for reconsideration requires the movant to "demonstrate a 'definite and firm conviction that a mistake has been committed,' or that the court overlooked arguments that were previously made." Black Bear Energy Servs., 2021 WL 4751746, at *3, quoting United States v. Jasin, 292 F.Supp.2d 670, 676 (E.D. Pa. 2003). Such motions may not be used to reargue unsuccessful theories or argue facts or issues that were not presented to the court in the context of the previously decided matter. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). In other words, a motion for reconsideration is not a means to get a "second bite at the apple." Kropa v. Cabot Oil & Gas Corp., 716 F. Supp. 2d 375, 378 (M.D. Pa. 2010). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) (citation omitted).

**B.**    **Analysis**

Upon careful consideration of the record, the Court finds no basis for altering its determination that Plaintiff failed to state a claim against any Defendant except for Armel, Wetzel, and Capozza. Plaintiff argues that reconsideration is warranted because "the information that was documented in the facts of the SAC made out a valid claim against" each of the dismissed Defendants. [ECF No. 139]. Plaintiff adds that this information "would have allowed a reasonable judge" or "impartial fact finder" to determine that the dismissed claims were, in fact, valid. Id.

3

Plaintiff's allegations do not amount to a change in the law or new evidence; nor do they demonstrate "the need to correct clear error of law or prevent manifest injustice" to justify reconsideration of his motions. Black Bear Energy Servs., 2021 WL 4751746, at *3, quoting United States v. Jasin, 292 F.Supp.2d 670, 676 (E.D. Pa. 2003) (A successful motion for reconsideration requires the movant to "demonstrate a 'definite and firm conviction that a mistake has been committed,' or that the court overlooked arguments that were previously made"). Accordingly, the Court finds that reconsideration of its Memorandum Order, dated March 27, 2023, is not warranted.

AND NOW, this 28th day of August, 2023,

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration [ECF No. 139] is DENIED.

SUSAN PARADISE BAXTER
United States District Judge

cc:     The Honorable Richard A. Lanzillo
        Chief United States Magistrate Judge

        All parties of record

4